UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL NO. 4:15-cr-4
:
v. : VIO: 21 U.S.C. § 846
:
JUSTIN JOHNSON :

INFORMATION

FILED
WILLIAMSPORT
JAN 21 2015
PER _____
DEPUTY CLERK

THE UNITED STATES ATTORNEY ALLEGES:

INTRODUCTION

At all times material to the information:

1. Title 21, United States Code, Section 802(32)(A) defines a "controlled substance analogue" as a substance (1) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I and II; (2) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the physiological effects of a controlled substance in schedule I or II; or (3) which a person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the physiological effects of a

controlled substance in schedule I or II.

2. Under Title 21, United States Code, Section 813, to the extent they are intended for human consumption, controlled substance analogues shall be treated for the purposes of any Federal law as a controlled substance on schedule I.

3. From on or about May 28, 2013 through on or about December 11, 2013, the substance alpha-pyrrolidinopentiophenone (α-pvp) could be treated as an analogue of the Schedule I controlled substance MDPV.

**THE UNITED STATES ATTORNEY CHARGES:**

<u>COUNT ONE</u>
Conspiracy to Distribute
Controlled Substances
(21 U.S.C. § 846)

1. The United States Attorney incorporates by reference the Introduction of the information as if set forth herein at length.

2. From in or around January, 2012 and continuing through in or around February, 2014, in Lycoming, Bradford, and Wyoming Counties, within the Middle District of Pennsylvania, and elsewhere, the defendant

## JUSTIN JOHNSON

did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown, to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of alpha-pyrrolidinopentiophenone (α-pvp), a controlled substance analogue as defined in 21 U.S.C. § 802(32), intended for human consumption, as provided in 21 U.S.C. § 813, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c); and, in furtherance of the conspiracy, he did distribute and possess with the intent to distribute the following quantities of α-pvp, on or about the following dates:

| Date | Quantity |
| --- | --- |
| May 28, 2013 | 4.8 grams |
| June 17, 2103 | 13.9 grams |
| July 24, 2013 | 4.4 grams |
| July 24, 2013 | 4.3 grams |
| August 20, 2013 | 4.27 grams |
| October 16, 2013 | 8.97 grams |

December 11, 2103              4.57 grams

All in violation of Title 21, United States Code, Section 846.

**THE UNITED STATES ATTORNEY ALLEGES:**

**CRIMINAL FORFEITURE ALLEGATION**
**(21 U.S.C. § 853)**

1. The United States Attorney incorporates herein by reference the Introduction and preceding count of this information.

2. Upon conviction of the controlled substance analogue offenses alleged in Count One of this Information, the defendant

**JUSTIN JOHNSON**

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

4

1. PROCEEDS/MONEY JUDGMENT

1.1. A sum of money equal to all property the defendants obtained as a result of the drug offenses charged in the Information, and all interest and proceeds traceable thereto as a result of their violations of Title 21, United States Code, Sections 846, 841(a) and (b)(1)(C), and/or a sum of money equal to all property involved in the drug distribution conspiracy offense charged in the Information, and all proceeds traceable thereto, for which the Defendant is jointly and severally liable; and for any of the above-described forfeitable property, as a result of any act or omission of the defendants that:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to

seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

		*Peter J. Smith*
		PETER J. SMITH
		United States Attorney

Date: 1-22-2015