UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   NO.  4:15-CR-00004
                              :
            v.                :
                              :
JUSTIN JOHNSON,               :   (FILED UNDER SEAL)
            Defendant         :

FILED
WILLIAMSPORT
FEB 1 0 2015
PER _____
DEPUTY CLERK

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A.  Violation(s), Penalties, and Dismissal of Other Counts

1.      Waiver of Indictment/Plea of Guilty.  The defendant agrees

to waive indictment by a grand jury and plead guilty to a felony

Information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania.  That

Information will charge the defendant with a violation of Title 21,

United States Code, Section 846, conspiracy to distribute and possess

with intent to distribute a detectable amount of the controlled substance analogue alpha-pyrrolidinopentiophenone (α-pvp).  The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $1 million, a maximum lifetime term of supervised release, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100.  At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in the Information.  The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district court or an appellate court.  The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the

2

Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.    <u>Term of Supervised Release</u>.  The defendant understands that the court must impose at least a three- year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s)

described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.  Fines and Assessments

4.  <u>Fine</u>.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.  <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to

4

proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.   <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.   <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment this failure may be treated as a

breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.   Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

9.     Determination of Sentencing Guidelines.     The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for

7

by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10.   _Acceptance of Responsibility– Two Levels_.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

11.   _Sentencing Guidelines Stipulations_.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties stipulate and agree as follows:

(1)  The defendant distributed and possessed with intent to distribute 45.21 grams of alpha-pyrrolidinopentiophenone (α-pvp), a controlled substance analogue that has a chemical structure that is substantially similar to methcathinone for purposes of U.S.S.G. § 2D1.1, Application Note 6(A).

8

(2)  Under U.S.S.G. § 2D1.1, Application Note 6(B), α-pvp has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect of methcathinone.

(3)  Under § 2D1.1, Application Note 8(D), 45.21 grams of α-pvp is equivalent to 17.179 kilograms of marihuana, resulting in a base offense level of 14 under § 2D1.1(c)(13).

(4)  With a two-level reduction for acceptance of responsibility, the total offense level is 12.

The parties agree that a sentence within the range of the Sentencing Guidelines resulting from this stipulation is a reasonable sentence under the facts and circumstances of this case.  The defendant understands that none of these stipulations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession which it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

9

## D. Sentencing Recommendation

12.    <u>Specific Recommendation of Sentence</u>.  At the time of sentencing, the United States will make a specific recommendation within the applicable guideline range and reserves the right to recommend the maximum sentence within that range.

## F. Forfeiture of Assets

13.    <u>Forfeiture</u>.  The present indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the conspiracy to distribute and possess with intent to distribute controlled substance analogues set forth in Count One of the Information. Defendant further agrees to the following:

(a)    The defendant agrees to the forfeiture of the cash sum $165,000, with an initial payment of $75,000 to be made on or

before the date 30 days after the defendant and counsel have executed this plea agreement and the balance to be paid on or before the date of sentencing; all payments shall be made in accordance with instructions provided by the United States Attorney;

(b)     Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States pursuant to Title 18, United States Code, Section 981;

(c)     Waiver of the right to personal service of all process and naming of Donald F. Martino, Esquire, 25 West Third Street, Suite 302, Williamsport, Pennsylvania 17701 as agent for service of all process;

(d)     Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

(e)     The filing and entry of a consent decree of forfeiture;

(f)     Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

11

(g)   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(h)   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

14.   <u>Disclosure of Assets</u>.  This Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea

Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

15.  <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.  This Agreement does not prevent the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

16.  <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.  By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States.  These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.  The defendant further agrees,

13

should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

## G.  Information Provided to Court and Probation Office

17.  <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

18.  <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation

14

Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

19.   Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20.   Non-Limitation on Government's Response.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H.  Court Not Bound by Plea Agreement

21.   <u>Court Not Bound by Terms</u>.  The defendant understands
that the court is not a party to and is not bound by this Agreement or
any recommendations made by the parties.  Thus, the court is free to
impose upon the defendant any sentence up to and including the
maximum sentence of imprisonment for 20 years, a fine of $1 million, a
maximum lifetime term of supervised release, which shall be served at
the conclusion of and in addition to any term of imprisonment, the costs
of prosecution, denial of certain federal benefits and assessments
totaling $100.

22.   <u>No Withdrawal of Plea Based on Sentence or
Recommendations</u>.  If the court imposes a sentence with which the
defendant is dissatisfied, the defendant will not be permitted to
withdraw any guilty plea for that reason alone, nor will the defendant
be permitted to withdraw any pleas should the court decline to follow
any recommendations by any of the parties to this Agreement.

I.    Breach of Plea Agreement by Defendant

23.    <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

24.    <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)   The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)   Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

25.   <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives

information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## J.   Transfer of Information to IRS

26.   <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited

to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

27.   <u>Collection Action by IRS</u>.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

28.   <u>Rule 6(e) Order for Transfer of Information to IRS</u>.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

29.   <u>Cooperation with IRS</u>.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release.  The defendant also

agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea.  The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States.  The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

## K.   Appeal Waiver

30.   <u>Conditional Appeal Waiver.</u>  The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code  United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court

22

determine the drug quantity and total offense level as agreed above.  In the event the Court determines a drug quantity and total offense level that is greater than as agreed herein, the defendant retains the right to appeal the conviction and sentence.

This conditional waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States v. Booker, 543 U.S. 220 (2005). The defendant further acknowledges that this conditional appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## L.  Other Provisions

31.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

32.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

23

the defendant, arising out of the investigation, prosecution or

cooperation covered by this Agreement, including but not limited to any

claims for attorneys' fees and other litigation expenses arising out of the

investigation and prosecution of this matter.  By the defendant's guilty

plea in this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith, had a

substantial basis in law and fact and was not vexatious.

33.  Plea Agreement Serves Ends of Justice.  The United States

is entering into this Plea Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the gravity of

the series of offenses from which the charges are drawn, as well as the

defendant's role in such offenses, thereby serving the ends of justice.

34.  Merger of All Prior Negotiations.  This document states the

complete and only Plea Agreement between the United States Attorney

for the Middle District of Pennsylvania and the defendant in this case,

and is binding only on the parties to this Agreement and supersedes all

prior understandings or plea offers, whether written or oral. This

agreement cannot be modified other than in writing that is signed by all

parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

35.  <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., January 9, 2015, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

36.  <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

2/10/15
_____
Date

_____
JUSTIN JOHNSON
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

2/10/15
_____
Date

_____
DONALD F. MARTINO
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

2-10-2015
_____
Date

By: _____
GEORGE J. ROCKTASHEL
ASSISTANT U.S. ATTORNEY

PJS:GJR:kdt  2013R00314
VERSION DATE:  December 24, 2014